# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-**205 |
| | | **DATE FILED:** 5/14/21 |
| **v.** | : | **VIOLATION:** |
| | | **18 U.S.C. § 641 (conversion of government funds- 1 count)** |
| **DENISE YORK** | : | **Notice of Forfeiture** |

# I N F O R M A T I O N

## COUNT ONE

### (Conversion of Government Funds)

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.     The Social Security Administration ("SSA"), an agency of the United States, administered certain government benefit programs, including the Retirement and Survivor's Insurance ("RSI") program, pursuant to Title 42, United States Code, Sections 401-433.

2.     The RSI program was an earned-right program funded through Social Security wage taxes.  When an individual worked, that individual paid taxes on his or her wages into the Social Security trust fund.  If that individual paid sufficient Social Security taxes to earn sufficient "credits," as that term was defined for purposes of the Social Security Act, he or she, or eligible dependents, including spouses, were eligible to receive retirement benefits upon reaching a certain age.

3.      RSI payments continued until the individual died.

4.      The boyfriend of defendant DENISE YORK, identified herein as "H.K.," received RSI benefits during his lifetime.  No other individual was entitled to the benefits designated for H.K. and the benefits were to be terminated upon the death of H.K.

5.      H.K. died on or about October 13, 2002.

6.      SSA has no record of timely notification of H.K.'s death and continued to issue RSI benefits via monthly paper checks until in or about July 2012.

7.      From in or about July 2012 through in or about July 2019, SSA issued H.K.'s RSI benefits through electronic funds transfers to a Bancorp Bank account, held in H.K.'s name.

8.      After her boyfriend's death, defendant DENISE YORK accessed H.K.'s Bancorp bank account and converted H.K.'s SSA benefit payments for her own use.

9.      The U.S. Department of Veteran's Affairs ("VA") is a cabinet-level department of the Federal government whose mission is to care for U.S. military veterans and their dependents under the Veterans Benefits Administration and to provide health care for eligible veterans under the Veterans Health Administration. In furtherance of this mission, VA runs the largest integrated health care system in the United States, consisting of medical centers, in addition to numerous community-based outpatient clinics, community living centers, Vet Centers and Domiciliaries. Together these health care facilities provide comprehensive care to over 5.5 million veterans each year.

10.      Any person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable may qualify for VA

healthcare benefits. Reservists and National Guard members may also qualify for VA health care benefits if they were called to active duty (other than for training only) by a Federal order and completed the full period for which they were called or ordered to active duty. Minimum duty requirements must be met for veterans who enlisted after September 7, 1980, or who entered active duty after October 16, 1981, that is, these veterans must have served 24 continuous months or the full period for which they were called to active duty in order to be eligible. This minimum duty requirement may not apply to veterans discharged for hardship, early out or a disability incurred or aggravated in the line of duty.

11.     The number of veterans who can receive care from the VA is constrained by funding and VA resources. The VA established Priority Groups to ensure certain groups of veterans and veterans who need immediate care are able to be enrolled before others.

12.     Disability payments continued until the individual died.

13.     H.K. received disability payments from VA during his lifetime.

14.     The VA has no record of timely notification of H.K.'s death and continued to issue VA benefits via paper check until in or about September 2016.  From in or about November 2016 through in or about December 2019, the VA issued disability payments for H.K. through an electronic funds transfer to a Comerica bank account held in the name of H.K.

15.     No other individual was entitled to the VA benefits designated for H.K. and the benefits were to be terminated upon the death of H.K.

16.     From in or about October 2002 through in or about December 2019, in the Eastern District of Pennsylvania and elsewhere, defendant

**DENISE YORK**

knowingly converted to her own use money of the United States in excess of $1,000, that is, approximately $673,584.16 in SSA and VA benefits to which the defendant knew she was not entitled.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

      1.    As a result of the violation of Title 18, United States Code, Section 641, set forth in this information, defendant

**DENISE YORK**

shall forfeit to the United States of America:

      (a)    any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such offense; including but not limited to the sum of $673,584.16.

      2.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the Court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C).


**JENNIFER ARBITTIER WILLIAMS**
**United States Attorney**

*No.*_____

**UNITED STATES DISTRICT COURT**

***Eastern District of Pennsylvania***

***<u>Criminal Division</u>***

THE UNITED STATES OF AMERICA

vs.

DENISE YORK

INFORMATION

18 U.S.C. § 641 (conversion of government funds - 1 count)
Notice of Forfeiture

*A true bill.*

_____

*Foreman*

*Filed in open court this*_____*day,*

*of*_____*A.D. 20*_____

_____

*Clerk*

*Bail, $*_____

_____